IT IS ORDERED as set forth below:

Date: August 30, 2019

_____

Jeffery W. Cavender
U.S. Bankruptcy Court Judge

_____

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE: <br> AVEUM INVESTMENTS, LLC. <br> Debtor. | CHAPTER 11 <br> CASE NO. 19-60303-JWC |
| NANCY J. GARGULA, UNITED STATES TRUSTEE, <br> Movant, <br> v. <br> AVEUM INVESTMENTS, LLC, <br> Respondent. | CONTESTED MATTER |

### ORDER

**THIS MATTER** is before the Court on the United States Trustee's Motion for Order Directing the Appointment of a Chapter 11 Trustee (Doc. No. 17) and United States Trustee's Supplemental Motion to Appoint Trustee to Include in the Alternative Conversion of Case to Chapter Seven (Doc. No. 19) (together, the "Motion") filed by Nancy J. Gargula, United States

Trustee (the "US Trustee").    The Motion requests that the Court either (1) appoint a chapter 11 trustee pursuant to 11 U.S.C. § 1104 or (2) convert the case to a case under chapter 7 pursuant to 11 U.S.C. § 1112.  The Court held a hearing on the Motion on August 28, 2019.  Counsel for the US Trustee, counsel for the Debtor, and the Debtor's principal attended the hearing.  Debtor opposes the Motion.

Debtor's principal and an employee of the US Trustee's office testified at the hearing.  At the hearing, substantial testimony and evidence was presented with respect to  $170,000 that the Debtor transferred from its bank account on or about May 14, 2019, approximately 6 weeks prior to the Debtor filing its petition on July 1, 2019.  The evidence at the hearing established that Debtor's principal transferred the funds from the Debtor for his own benefit and to the detriment of the Debtor and its creditors.  Debtor's counsel represented to the Court that the funds remained available and could be returned to the Debtor's estate.  At the conclusion of the hearing, the Court directed the Debtor to take all necessary steps to have the funds transferred to the trust account of Debtor's counsel no later than 2:00 p.m,, August 30, 2019 and for Debtor's counsel to file a notice with the Court no later than 2:30 p.m., August 30, 2019 that the funds are in his trust account, failure of which would result in conversion of the case to a case under Chapter 7.  The Court explained on the record that failure to have the funds transferred to counsel's trust account by the indicated time, in addition to the other factual findings made by the Court at the hearing, establish cause pursuant to 11 U.S.C. § 1112 to convert the case to a case under chapter 7.  On August 30, 2019, Debtor's counsel filed a notice with the Court (Doc. No. 21) that the funds were not deposited into his trust account within the required time.  For the reasons stated on the record at the hearing, the Court finds cause exists pursuant to 11 U.S.C. § 1112(b) to convert the case to a case under chapter 7 and that conversion is in the best interests of the estate and creditors.

Accordingly,

**IT IS ORDERED** that the Motion be and is hereby **GRANTED.** The above-captioned chapter 11 case is hereby converted to a case under chapter 7 of Title 11 of the United States Code.

**IT IS FURTHER ORDERED** that Debtor shall cooperate with the Chapter 7 trustee and immediately turnover to the Chapter 7 trustee all records and property of the estate in its possession or control as directed by the Chapter 7 trustee; and

**IT IS FURTHER ORDERED** that the Debtor shall timely perform its duties under the Bankruptcy Code, the Bankruptcy Rules, and/or any rules or regulations of the US Trustee or otherwise applicable to Debtor.

The Clerk's Office is directed to serve a copy of this Order upon Debtor, Debtor's counsel, the United States Trustee, and all parties on the mailing matrix.

**END OF DOCUMENT**